UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM CURTIS LEE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No.: 3:23-CV-203-KAC-JEM |
| ) | 3:20-CR-97-KAC-JEM-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION & ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Petitioner William Curtis Lee pled guilty to (1) conspiracy to distribute one-hundred (100) grams or more of heroin, forty (40) grams or more of fentanyl, and ten (10) grams or more of acetyl fentanyl; in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); and (2) conspiracy to distribute fifty (50) grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [*See* Doc. 213 at 1].[1] The Court sentenced Petitioner to 120 months' imprisonment [*Id.* at 2]. Petitioner did not appeal. Petitioner timely filed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [Doc. 292; *see also* 3:23-CV-203, Doc. 1]. The United States opposed [Doc. 299]. For the foregoing reasons, the Court denies Petitioner's motion.

**I.    Background**

"In early 2020," Petitioner "traveled from Detroit, MI to Knoxville, TN, and began distributing heroin and fentanyl" as part of a broader drug conspiracy [Doc. 181 ¶ 17, *sealed]. Petitioner "direct[ed] local users where to travel to obtain their drugs" [*Id.*, *sealed].

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, case number 3:20-CR-97.

Law enforcement orchestrated several controlled buys "utilizing a confidential source" ("CS") on "August 11, September 2, September 9, September 15, September 23, October 7, and October 14, 2020" [*Id.* ¶ 18, *sealed]. "On each of these occasions, a CS would contact" Petitioner "on his cellphone" and Petitioner "would direct the CS where to meet" [*Id.*, *sealed]. On October 20 and 21, 2020, "law enforcement obtained" and executed "search warrants for various residences and vehicles used" in the conspiracy [Doc. 124 ¶ 4(b)]. Prior to Petitioner entering into a plea agreement, his Counsel filed a motion for independent lab testing of the drugs law enforcement seized [*See* Doc. 102]. Counsel later withdrew that motion because Petitioner "no longer wishe[d] to pursue the independent testing and [decided to] move forward without doing so" [Doc. 106].

In his Plea Agreement, Petitioner "agree[d] and stipulate[d]" that he "personally distributed" "***at least*** 150 grams but less than 500 grams" of actual methamphetamine, "at least 700 grams but less than 1 kilogram" of "a mixture and substance containing a detectable amount of heroin," "at least 280 grams but less than 400 grams of fentanyl, and at least 70 grams but less than 100 grams of acetyl fentanyl" [Doc. 124 ¶4(c) (emphasis added); *see also* Doc. 181 ¶ 19, *sealed]. Petitioner pled guilty on May 12, 2022 [Doc. 153]. Because Petitioner pled guilty to distributing at least fifty (50) grams of actual methamphetamine in Count Two, with limited exceptions not applicable here, federal law required the Court to impose a mandatory minimum sentence of 120 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

The Court sentenced Petitioner to 120 months' imprisonment, consistent with the statutory mandatory minimum for Count Two [Doc. 213 at 2]. At Petitioner's sentencing hearing, Counsel requested that the Court sentence Petitioner below the mandatory minimum, but the Court noted, and Counsel agreed, that there was "no legal basis" "to depart or to vary below that mandatory [minimum] sentence as a matter of law" [*See* Doc. 275 at 10-11, 20]. Petitioner elected

not to appeal. Petitioner filed the instant motion, [Doc. 292; *see also* 3:23-CV-203, Doc. 1], raising ineffective assistance of counsel claims. The United States responded in opposition [Doc. 299; *see also* 3:23-CV-203, Doc. 7].

**II.     Legal Standard**

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence based on claims that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain post-conviction relief under Section 2255, Petitioner bears the burden to show: (1) "an error of constitutional magnitude;" (2) "a sentence imposed outside the statutory limits;" or (3) "an error of fact or law that was so fundamental as to render the entire proceeding invalid." *See Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (citing *Harris v. United States*, 19 F.4th 863, 866 (6th Cir. 2021)). To obtain collateral relief under Section 2255, then, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* requires a district court to summarily dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 4(b); *see also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal

conclusions with no supporting factual allegations'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8. If a petitioner presents a pertinent factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). But an evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *See Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

The Court liberally construes a pro se Section 2255 petition. *See McCormick v. Butler*, 977 F.3d 521, 528 (6th Cir. 2020). "But the liberal-construction rule does not 'abrogate basic pleading essentials,' such as the requirement that a § 2255 petitioner state the factual bases underpinning every claim for relief." *Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, at *3 n.3 (6th Cir. July 8, 2022) (internal citation omitted). Indeed, "[c]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Gabrion*, 43 F.4th at 578 (quoting *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013)).

**III.** <u>**Analysis**</u>

As an initial matter, no evidentiary hearing is required to assess this Section 2255 Petition. Petitioner's allegations are principally "conclusions rather than statements of fact," but where he offers some factual allegations, those allegations are "inherently incredible." *See Valentine*, 488 F.3d at 333 (quoting *Arredondo*, 178 F.3d at 782). As such, the Court proceeds on the current

4

record. Considering Petitioner's claims on the merits, they "are contradicted by the record, inherently incredible, [and] conclusions rather than statements of fact." *See id.*; *see also Gabrion*, 43 F.4th at 578. Accordingly, the Court denies Petitioner's motion as set forth below.

### A. Even if Petitioner Has Not Procedurally Defaulted[2] His Ineffective Assistance Of Counsel Claims, He Is Not Entitled To Relief.

Petitioner asserts that his Counsel was constitutionally ineffective for three (3) independent reasons: (1) "fail[ure] to suppress" evidence obtained from an allegedly illegal search and seizure; (2) "fail[ure] to challenge the purity of the methamphetamine that was attributed to" Petitioner; and (3) "fail[ure] to seek a pre-plea and/or pre-sentence departure from the Guidelines based on the methamphetamine purity" [Doc. 293 at 6-16]. No reason is meritorious.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. The Supreme Court has held that the Sixth Amendment guarantees the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 680 (1984). To succeed on an ineffective assistance of counsel claim, Petitioner "must establish two things." *See Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted). **First**, Petitioner must show that his Counsel's performance was deficient, falling "below prevailing professional norms." *Id.* (citation and quotation marks omitted). Establishing "deficient" performance requires Petitioner to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The Court "indulge[s] a strong presumption

---

[2] Petitioner likely procedurally defaulted each of his claims because he failed to raise any of them on direct appeal. "Under the Supreme Court's procedural-default rule, [Petitioner's] failure to raise his [ineffective assistance] claim[s] during the main event (his criminal litigation) means that he presumptively cannot raise it in an after-the-fact § 2255 motion." *See, e.g.*, *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (citation and quotation marks omitted).

5

that counsel's conduct falls within the wide range of reasonable professional assistance" and reviews counsel's conduct "in light of the information known [to counsel] at the time of the decisions, not in hindsight." *Id.* at 680, 689.

**Second**, Petitioner must demonstrate that Counsel's purportedly poor performance "prejudiced" Petitioner's criminal case. *Id.* at 687. Demonstrating prejudice requires Petitioner to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See, e.g.*, *Mix v. Brown*, No. 21-1623, 2022 WL 11367765, at *3 (6th Cir. April 19, 2022) (citing *Strickland*, 466 U.S. at 688, 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

"[I]neffectiveness claims are often disposed of for lack of sufficient prejudice" because demonstrating "prejudice is not easy;" in fact, Petitioner confronts a "high burden in demonstrating that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Bullard*, 937 F.3d at 661 (citation and quotation marks omitted). Importantly, too, "[a] defendant waives his right to appeal constitutional violations occurring prior to a plea of guilty once the defendant enters his plea." *See United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007) (citation omitted). "Claims of pre-plea ineffective assistance not relating to the acceptance of the plea are," therefore, "waived" when a Defendant knowingly and voluntarily enters a guilty plea. *See, e.g.*, *Rose v. Warden Chillicothe Corr. Inst.*, No. 18-3997, 2019 WL 5260158, at *3-4 (6th Cir. July 17, 2019) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also Lalonde*, 509 F.3d at 757 (recognizing

6

that, post-plea, a petitioner "may only attack the voluntary and intelligent character of the guilty plea"). And Counsel does not render ineffective assistance by following a client's instructions. *See Keith v. Mitchell*, 455 F.3d 662, 672 (6th Cir. 2006) (citation omitted) ("[I]neffective strategy is not a grounds for habeas relief if the client knowingly directed the strategy.").

Here, Petitioner waived his first ineffective assistance of counsel claim when he knowingly and voluntarily entered his guilty plea. Petitioner argues that the search warrants law enforcement obtained in October 2020 were insufficiently particularized and constituted "general warrant[s] which the Fourth Amendment [to the United States Constitution] prohibits" [Doc. 293 at 6]. Petitioner thus asserts that his Counsel was constitutionally ineffective because he failed to challenge various "warrant applications, nor raise[] any issues to suppress" information the United States obtained via search warrants in Petitioner's criminal case [Doc. 293 at 14]. But Petitioner's ineffective assistance of counsel claim is based on Counsel's pre-plea conduct [*See* Doc. 124]. As such, Petitioner waived this claim when he entered his Plea Agreement and ultimately pled guilty because the claim is unrelated to the acceptance of that plea. *See Rose*, 2019 WL 5260158, at *3-4; *see also Lalonde*, 509 F.3d at 757. Petitioner's first ineffective assistance of counsel claim thus fails.

Petitioner's second ineffective assistance claim fairs no better. Petitioner asserts that his Counsel was constitutionally ineffective because counsel "refused to test the drugs due to an outstanding attorney fee balance" [Doc. 293 at 14]. Importantly, however, Petitioner's Counsel ***did*** initially file a motion for independent lab testing [*See* Doc. 102]. Counsel later withdrew that motion because Petitioner "no longer wishe[d] to pursue the independent testing and [decided to] move forward without doing so" [Doc. 106]. Because Petitioner "knowingly directed" Counsel to

7

forgo pursuing independent drug testing, Counsel's acquiescence to that instruction does not serve as a basis for an ineffective assistance of counsel claim. *See Keith*, 455 F.3d at 672 (citation omitted). As such, this claim fails.

Petitioner's final ineffective assistance of counsel claim is based on his Counsel's failure to seek "a pre-plea and/or pre-sentence departure from the Guidelines based on methamphetamine purity" [Doc. 293 at 15].[3] Petitioner contends that Counsel's failure to "move the Court to disagree with [the 10:1] ratio" of actual methamphetamine to a mixture or substance containing methamphetamine violated his Sixth Amendment rights [*See id.*]. Petitioner details several district court cases where courts have expressed policy disagreements with the Guidelines [*See id.* at 18-23]. But Petitioner's sentence was not based on policy considerations underlying the Guidelines. Instead, Petitioner knowingly and voluntarily pled guilty to conspiring to distribute fifty (50) grams or more of actual methamphetamine [*See* Doc. 124 ¶ 3(b)]. As such, 21 U.S.C. § 841(b)(1)(A) required the Court to sentence Petitioner to at least 120 months' imprisonment, unless an exception applied. *See* 21 U.S.C. § 841(b)(1)(A)(viii). No exception applied here. And the Court imposed a sentence of 120 months' imprisonment [*See* Doc. 213 at 2]. At the sentencing hearing, the Court explained that there was "no legal basis" "to depart or to vary below that mandatory [minimum] sentence as a matter of law" [*See* Doc. 275 at 10-11, 20]. And Counsel "cannot be ineffective for a failure to raise an issue that lacks merit." *See, e.g.*, *Sutton v. Bell*,

---

[3] For reasons stated above, Petitioner waived any ineffective assistance of counsel claim to the extent this claim is predicated on pre-plea conduct. *See Rose*, 2019 WL 5260158, at *3-4. And to the extent that this claim is predicated on Counsel not pursuing independent testing of drug purity, the claim fails, too. *See Keith*, 455 F.3d at 672 (citation omitted).

8

645 F.3d 752, 755 (6th Cir. 2011) (citation omitted). Petitioner's final ineffective assistance of counsel claim therefore fails.[4]

IV. **Conclusion**

Because Petitioner is not entitled to Section 2255 relief, the Court **DENIES** his pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [Doc. 292; *see also* 3:23-CV-203, Doc. 1] and **DISMISSES** Petitioner's civil action, 3:23-CV-203-KAC-JEM. An appropriate judgment shall enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, now that the Court has entered a final order adverse to Petitioner, the Court must "issue or deny a certificate of appealability." A certificate of appealability may issue only when Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would find that the Court's assessment of Petitioner's claims is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of Petitioner's claims. Accordingly, the Court **DENIES** a certificate of appealability.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

---

[4] While discussing the grounds for his second ineffective assistance of counsel claim, Petitioner contends that counsel did not follow his "professional and ethical duties" because counsel failed to file a sentencing memorandum [*See* Doc. 293 at 15]. Even liberally construing this stray assertion as an independent ineffective assistance of counsel claim, it fails because Petitioner cannot show prejudice. That is, Petitioner fails to show by a "reasonable probability that, but for counsel's" failure to file a sentencing memorandum, "the result of the proceeding would have been different." *See Mix*, 2022 WL 11367765, at *3 (citation omitted). Counsel made numerous sentencing arguments at the hearing itself.

9